IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Lawrence Terry, | ) C/A No.: 3:10-2095-JFA-PJG |
|---|---|
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| United States Postal Service, | ) **RECOMMENDATION** |
| Defendant. | ) |

The plaintiff, Lawrence Terry, ("Plaintiff"), proceeding *pro se*, brings this action against the United States Postal Service based on the alleged negligence of one of its employees. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff alleges that he "lost" his prior lawsuit, filed in this court earlier this year,[1] because a Postal Service employee was negligent when he mislabeled the plaintiff's post office box, thereby failing to deliver an order of this court in a timely manner. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995)

---

[1] See Terry v. Allen University, Civil Action No. 3:10-90-JFA-PJG (D.S.C. 2010). This court may take judicial notice of its own files and records. See Aloe Creme Lab., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

" 'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.' " Martinez v. U.S.Post Office, 875 F.Supp. 1067, 1071 (D.N.J.1995) (quoting United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)). Moreover, " 'the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.' " Martinez, 875 F.Supp. at 1071 (quoting United States v. Dalm, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548, reh'g denied, 495 U.S. 941, 110 S.Ct. 2195, 109 L.Ed.2d 523 (1990)). The conditional sovereign immunity of the United States extends to its branches and agencies, including the Postal Service. See Martinez, 875 F.Supp. at 1071 (citing Franchise Tax Bd. v. U.S. Postal Serv., 467 U.S. 512, 517-18, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984)); Loeffler v. Frank, 486 U.S. 549, 554, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988)).

Congress has effected a limited waiver of sovereign immunity with respect to suits against the Postal Service. See Martinez, 875 F.Supp. at 1071. Pursuant to Section 401 of the Postal Reorganization Act of 1970 ("PRA"), 39 U.S.C. §§ 101 et seq., the Postal Service has the power "to sue and be sued in its official name." 39 U.S.C. § 401(1); see Martinez, 875 F.Supp. at 1071. "This section has been recognized as a broad but not unlimited consent on the part of the United States to suits against the Postal Service." See Martinez, 875 F.Supp. at 1071 (citing Loeffler, 486 U.S. at 554, 108 S.Ct. 1965; Franchise Tax Bd., 467 U.S. at 519, 104 S.Ct. 2549).

The PRA's waiver of immunity is inapplicable, however, where the suit is a type not consistent with the statutory or constitutional scheme, where an implied restriction of the general authority to sue and be sued is necessary to avoid grave interference with the

*PJG*

performance of a governmental function, or where for other reasons it was plainly the purpose of Congress to use the 'sue and be sued' clause in a narrow sense. Loeffler, 486 U.S. at 554, 108 S.Ct. 1965 (citing Franchise Tax Bd., 467 U.S. at 517-18, 104 S.Ct. 2549); see Pa. Dep't of Envtl. Res. v. U.S. Postal Serv., 13 F.3d 62, 69 (3d Cir.1993) ("[W]e hold that the 'sue-and-be-sued' provision in the PRA waives the Postal Service's immunity from civil penalties unless one of the exceptions set out in Franchise Tax Bd. and Loeffler applies."). The immunity of the Postal Service from a particular suit is therefore dependent on the nature of the suit being brought. See Loeffler, 486 U.S. at 554, 108 S.Ct. 1965.

In the instant case, the Complaint alleges the plaintiff incurred damages from the negligence of a Postal Service employee. Thus, the instant action is based in tort upon the premise that the United States Postal Service is responsible for the alleged negligence of its employee.

The PRA has established certain limitations on tort actions brought against the Postal Service. Specifically, Section 409(c) of the PRA provides: "The provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c). Chapter 171 of Title 28 of the United States Code contains the Federal Tort Claims Act ("FTCA"). See 28 U.S.C. §§ 2671 et seq.

Pursuant to the FTCA, the United States has consented to being sued in tort under certain limited circumstances. See 28 U.S.C. § 2674 ("Section 2674"); Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir.) (FTCA "constitutes a waiver of sovereign immunity . . . .").

28 U.S.C. § 2680(b), however, lists exceptions to the consent of the United States to be sued, and states "[t]he provisions of this chapter and section 1346(b) of this title shall not apply to - - (b) [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." Therefore, it is clear that pursuant to 28 U.S.C. § 2680(b), the plaintiff is not entitled as a matter of law to the relief he requests.

Furthermore, the FTCA provides that the United States is the only proper defendant in a suit brought under that act. Miller v. United States, 710 F2d 656, 657, n.1 (10th Cir. 1983). Consequently, the United States Postal Service is not a proper party to this action in any event.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process. See Denton, 504 U.S. 25, 112 S.Ct. 1728; Neitzke, 490 U.S. 319, 109 S.Ct. 1827; Haines, 404 U.S. 519, 92 S.Ct. 594; Brown v. Briscoe, 998 F.2d 201 (4th Cir. 1993); Boyce, 595 F.2d 948; Todd, 712 F.2d 70.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 8, 2010
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).