# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence Terry, | C.A. No.: 3:10-2095-JFA |
| Plaintiff, | |
| v. | **ORDER** |
| United States Postal Service, | |
| Defendant. | |

This matter is before the court upon Plaintiff Lawrence Terry's ("Plaintiff") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that this court summarily dismiss Plaintiff's complaint without prejudice and without issuance and service of process. Plaintiff filed this action against the United States Postal Service, based on the alleged negligence of one of its employees. More specifically, Plaintiff alleges that a Postal Service employee negligently failed to properly label his post office box for five months after Plaintiff purchased the box, which he claims prevented his mail from being delivered. Having reviewed the entire record, including Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

## STANDARD FOR REVIEWING MAGISTRATE JUDGE'S R&R

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C.

§ 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R. *Id.* The court remains mindful that Plaintiff appears before the court *pro se*, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in a pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## ANALYSIS

As noted above, Plaintiff complains that an employee of the Postal Service failed to properly label his post office box at the post office, which he believes prevented certain mail from being delivered to him. Plaintiff claims that he entered into a contract with the post office to secure a post office box for six months, and that after having the box for five months, a post office employee admitted to forgetting to label the box as his. Therefore, Plaintiff believes he should be able to recover $106,500,000 in damages he suffered because his mail was not properly delivered to him, including a letter from the court in an unrelated lawsuit. After conducting a review of Plaintiff's complaint, the Magistrate Judge determined that it should be summarily dismissed because the United States has not waived its sovereign immunity with respect to Plaintiff's claims. The court agrees with the Magistrate Judge's recommendation.

Under the Postal Reorganization Act, the Federal Tort Claims Act ("FCTA") applies to "tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c). In turn, the FTCA waives sovereign immunity for actions against the United States resulting from injuries caused by the negligent acts of governmental employees while acting in the scope of their employment. *See* 28

U.S.C. § 1346(b)(1). As such, the United States can be held liable "in the same manner and to the same extent as a private individual under like circumstances." *Id.* § 2674. Excluded from this waiver of immunity, however, are claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *see also Dolan v. United States Postal Service*, 546 U.S. 481, 485 (2006) (noting that "mail is 'lost' if it is destroyed or misplaced and 'miscarried' if it goes to the wrong address"). Because Plaintiff's damages are based on mail he did not receive, the court is constrained to dismiss Plaintiff's suit. The United States may not be held liable for claims related to the loss or miscarriage of mail, even if the mail was lost because a postal service employee negligently performed his or her duties, as Plaintiff alleges here. *See Dolan v. United States Postal Service*, 546 U.S. 481, 487 (2006) ("[T]he United States may be liable if postal employees commit torts under local law, but not for claims defined by [28 U.S.C. § 2860(b)].").

In his objections, Plaintiff states that his complaint is not based on the loss, miscarriage, or negligent transmission of his mail; rather, he explains that he is "specifically talking about the mislabeling of [his] post office box." (Objections at 2) (DE # 12). Therefore, he believes that his suit should be permitted to go forward. The court recognizes that Plaintiff takes issue with the postal employee's admitted negligence, but the ultimate damage experienced by Plaintiff because of this negligence was that his mail was not properly delivered to him. (*See* Objections at 5 ("If not for that negligent act, the chain of events afterwards would not have occurred which caused me personal injury.")). Unfortunately for Plaintiff, the law simply does not permit Plaintiff to recover damages for this loss. As the Supreme Court explained in *Dolan v. United States Postal Service*, the sovereign immunity enjoyed by the United States is not waived for claims based on the "failings in the postal obligation to deliver mail in a timely manner to the right address . . . ." 546 U.S. 481, 487 (2006).

## **CONCLUSION**

Therefore, based on the foregoing, the Magistrate Judge's R&R is incorporated herein by reference, and Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

November 22, 2010  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge